Van Eps, Respondent, vs. Newald and another, Appellants.

*March 30—April 20, 1909.*

*Appeal and error: Proceedings in record: Exceptions: Review of findings: Pleadings: Admissions in answer: Alteration of note: Effect upon mortgage: Rights of parties: Chattel mortgages: Replevin: Evidence.*

1. Where the bill of exceptions contains no exceptions to the findings, a contention that there is no evidence to support a particular finding is not tenable.

2. Where a complaint alleged the making of "a certain mortgage," describing it, an answer "admitting" the making of "a certain mortgage" of the same date, and containing no suggestion that it was other than the mortgage described in the complaint, admits the making of such mortgage.

3. Admissions in an answer are presumptively referable and responsive to the allegations of the complaint.

4. In replevin by a chattel mortgagee against the purchaser of the mortgaged property with notice of the mortgage, it is immaterial that the note secured by the mortgage had been altered.

5. In an action to recover chattel mortgaged property, evidence that the mortgage thereon was executed, delivered, and filed, of which defendant had full notice when he purchased the property, establishes plaintiff's right to the property to secure his indebtedness to an amount not greater than that named in the mortgage. The amount of such indebtedness can be proved by parol.

APPEAL from a judgment of the circuit court for Outagamie county: John Goodland, Circuit Judge. *Affirmed.*

Action of replevin for certain property under a claim of possession by virtue of a chattel mortgage executed by Etta H. Rogers, from whom the property in question was purchased by defendant, the chattel mortgage being duly filed in the town clerk's office. The making of the mortgage was admitted. The only defense was that the note evidencing the indebtedness and described in the mortgage, which was for $1,085, was altered by the plaintiff, as alleged, without the consent or knowledge of the maker, by changing the amount thereof to $865. The trial court, jury being waived, found that the chattel mortgage and note were first executed as a part of a trade of properties between plaintiff and the mortgagor, which trade before consummation was modified so as to entitle the plaintiff to only $865 instead of the $1,085 first contemplated, and that the note and mortgage were delivered to him by mortgagor's agent as security for that debt, and that she, while not participant in the negotiations, had ratified the transaction by accepting and receiving the proceeds of the trade. The defendants having given bond for the

property, which was less in value than the debt secured, judgment was rendered in favor of the plaintiff for such value, to wit, $700, from which judgment the defendants appeal.

The cause was submitted for the appellants on the brief of *D. G. Classon,* and for the respondent on that of *John Bottensek* and *F. J. Rooney.*

DODGE, J.    The first contention is that there was no evidence to support the finding that the chattel mortgage described in the complaint was ever executed or delivered. There is no exception to this or any other finding embodied in the bill of exceptions.    Therefore the contention is not tenable.    Waiving that obstacle, however, we think the fact is admitted by the pleadings.    The complaint alleges the making of "a certain mortgage" dated September 22, 1905, and then describes it.    The answer "admits" the making of "a certain mortgage" of the same date and contains no suggestion that it was other than the mortgage described.    Admissions in the answer are presumptively referable and responsive to the allegations of the complaint.    Defendants cannot admit something which the complaint does not allege.    It is clear, therefore, that the admission is of the same mortgage which the complaint describes.

The alteration of the note is of no materiality.    This is not an action on the note.    It is an action to recover the mortgaged property.    It is established that the mortgage thereon was executed, delivered, and filed, of which defendant had full notice when he purchased the property.    This established plaintiff's right to the property to secure an indebtedness to an amount not greater than that named in the mortgage. That indebtedness might be proved by parol and was shown to be $865.    Upon denial of that right he was entitled to recover the property or its value up to the amount of such indebtedness.    The judgment does not exceed such right of recovery.

*By the Court.*—Judgment affirmed.